UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KRISHEN L. NAGPAL,
        *Plaintiff-Appellant,*

v.

LOUIS CALDERA, Secretary, US
Department of Army,
        *Defendant-Appellee.*

No. 00-2154

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-98-4243-AW)

Submitted: July 31, 2001

Decided: August 9, 2001

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Sunanda K. Holmes, Silver Spring, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Krishen L. Nagpal appeals the district court's order granting summary judgment on his claims of discrimination filed against his employer, the United States Department of the Army (the Agency). Nagpal claims that the district court erred in granting summary judgment on his claim of failure to promote based on Nagpal's age, national origin, and the fact that he filed discrimination claims in the past. Finding no error, we affirm the judgment of the district court.

This court reviews de novo a district court's grant of summary judgment, and affirms only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In order to avoid summary judgment, however, the nonmoving party must provide "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation and internal quotation marks omitted). When there is a complete failure of proof by the nonmovant on one of the elements of the cause of action, all other material questions of fact are necessarily rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

We have examined the briefs and the record and find no reversible error with respect to the district court's grant of summary judgment on Nagpal's claim of failure to promote. *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 230-31 (4th Cir. 1999) (requiring the plaintiff to establish a prima facie case of failure to promote by a preponderance of the evidence), *cert. denied*, 528 U.S. 1189 (2000).

We similarly find that, even assuming Nagpal set forth a prima facie case for his failure to promote claims, the district court properly granted summary judgment as to these claims. The Agency adduced evidence, in the form of deposition testimony, to support its claim that the promotion decisions at issue were made solely on the basis of technical qualifications. Nagpal proffered no evidence from which a trier of fact could find that the Agency's asserted justification was false. Accordingly, we affirm the court's order granting summary judgment on the failure to promote claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*